Vincent SCHREIBER and Philip Karnazes, Plaintiffs,

v.

Major Henry O. WICK, Jr., Commanding Officer, 36th Medical Service Squadron, Chicago, Illinois, et al., Defendants.

No. 73 C 1081.

United States District Court, N. D. Illinois, E. D.

July 20, 1973.

Stephen J. Culliton, Civinelli & Culliton, Addison, Ill., for plaintiffs.

James R. Thompson, U. S. Atty., Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This cause comes on the plaintiff's motion for a preliminary injunction.

This is a civil action for preliminary and permanent injunctive relief and for a declaratory judgment. Plaintiffs, members of the Air Force Reserve, request that defendants be enjoined from enforcing an Air Force Regulation which prohibits Reservists, with certain exceptions, from wearing wigs to cover long hair while attending drills. Plaintiffs further request that the challenged regulation be declared to be in excess of the Defendant's statutory authority and unconstitutional.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1346(a)(2) and 2201, 2202. The amount in controversy exclusive of interest and costs exceeds the sum of Ten Thousand Dollars ($10,000.00).

It is the opinion of this Court after examining the pleadings and relevant case law that a preliminary injunction should be granted against the defendants in order to protect the putative rights and military status of the plaintiffs until this Court decides the issues in question. There is a twofold basis for this ruling.

First, there is a recent trend in the case law which would seem to support the proposition advocated by the plaintiffs. In so far as members of the Armed Forces Reserves are concerned, who under their contracts are allowed to work and live in civilian society for the vast majority of the time, the right to wear their hair as they please is not so trivial as to be denied without sufficient service-connected reason. See Friedman v. Froehlke, 470 F.2d 1351 (1st Cir. 1972); Harris v. Kaine, 352 F.Supp. 769 (S.D.N.Y.1972); cf. Anderson v. Laird, 437 F.2d 912 (7th Cir. 1971).

Second, the United States Army in a recent change to Army Regulation 600–20 (chapter 5) granted to Army reservists exactly what these Air Force reservists seek. The conflicting policy between branches of military service concerning the grooming of reservists might well involve constitutional problems of equal protection and due process.

The Plaintiffs' motion for a Preliminary Injunction is granted. Accordingly, it is hereby ordered that until the issues of the instant action are resolved the defendants Major Henry O. Wick, Jr., Robert Seamans, and the United States of America, their agents, servants, employees and attorneys are enjoined from enforcing any Air Force Regulation which prohibits plaintiffs while attending drills as United States Air Force Reservists from wearing wigs to cover long hair.