Edward J. CULLEN et al., Plaintiffs,

v.

The UNITED STATES of America et al.,
Defendants.

No. 73 C 2790.

United States District Court,
N. D. Illinois.

Feb. 22, 1974.

**442**

Edward T. Stein, Edwards, Haney, Singer & Stein, Chicago, Ill., for plaintiffs.

James R. Thompson, U. S. Atty., N. D. Ill., Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This cause comes on the named plaintiffs' motion for an order maintaining the class and to enlarge the preliminary injunction.

This is a civil action against the defendants seeking damages, preliminary and permanent injunctive relief, and a declaratory judgment, to redress the alleged deprivation of the rights, privileges and immunities guaranteed by the first, fourth, fifth, eighth and ninth amendments to the Constitution of the United States to the named plaintiffs and to all other persons similarly situated. More specifically the plaintiffs on behalf of themselves and the class they seek to represent request this Court to enjoin the defendants from enforcing Air Force Regulation 35–10, which prohibits reservists, with certain exceptions, from wearing wigs while attending drills, and from enforcing any military regulations promulgated by the Air Force pursuant to 10 U.S.C. § 673(a), 50 U.S.C.App. § 456(c)(2)(D). Also the plaintiffs request this Court to declare that Air Force Regulation 35–10 is in excess of the statutory authority conferred upon the defendants and is in violation of the Constitution of the United States. The jurisdiction of this Court is allegedly invoked pursuant to 28 U.S.C. §§ 1346(a)(2), 1651, 2201, and 2202.

The named plaintiffs are citizens of the United States and residents of the State of Illinois. The plaintiffs are members of the Illinois Air National Guard, stationed for their reserve obligations at O'Hare Field Airport, Chicago, Illinois.

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the plaintiffs bring this action individually and on behalf of all other persons similarly situated. The class of plaintiffs consists of those persons who are members of units of the Illinois Air National Guard assigned to and headquartered at O'Hare Field Airport, and who are presently subject to or in the future may be subject to, punitive measures as a consequence of violation by such persons of Air Force Regulation 35–10 or who have relinquished or may relinquish in the future, alleged constitutional rights as

mandated by Air Force Regulation 35–10, such relinquishment being made so as to avoid alleged punitive measures.

The defendants are as follows:

The defendant United States of America was represented in the exercise of its national sovereignty by the United States Air Force.

Defendant John L. McLucas has represented the United States Air Force in his official capacity as Secretary of the Air Force, and as such is authorized to promulgate and enforce official regulations.

Defendant Col. Warren Bristow represented the Illinois Air National Guard in his official capacity as Commanding Officer, 126th Air Refueling Wing. The 126th Air Refueling Wing is the parent unit for all other units at O'Hare Field Airport. Col. Bristow is the Commanding Officer with authority over all units of the Illinois Air National Guard at O'Hare Field Airport.

Defendant Maj. Walter Dobrowolski represented the Illinois Air National Guard in his official capacity as Commanding Officer, 217th Electronics Installation Squadron.

Defendant Col. Pereckas represented the Illinois Air National Guard in his official capacity as Commanding Officer, 126th Consolidated Aircraft Maintenance Squadron.

Defendant Maj. Alexander represented the Illinois Air National Guard in his official capacity as Commanding Officer, 126th Communications Flight.

Defendant Col. Joseph Laberg represented the Illinois Air National Guard in his official capacity as Commanding Officer, 126th Combat Support Squadron.

The plaintiffs in their complaint allege *inter alia* the following facts:

1. Plaintiffs Satler and Francella individually, and members of the class they represent, have been threatened with, or are subject to, punitive involuntary activation as a consequence of accumulated unexcused absences from drills, such absences having been awarded for repeated failures to comply with Air Force Regulation 35–10,[1] in that they have worn to drills a short hair wig to cover hair otherwise in possible violation of Air Force Regulation 30–1.[2] Plaintiffs Cullen, Turley, Satler, Anderson and Frangella, individually, and members of the class they represent, have been awarded unexcused absences from drills for wearing a short hair wig to cover hair otherwise in possible violation of Air Force Regulation 30–1 while in attendance at such drills. Plaintiff Kozmin, individually, and members of the class he represents, have been threatened with unexcused absences as a consequence of the continued failure to refrain from wearing a short hair wig to cover hair otherwise in possible violation of Air Force Regulation 30–1 while in attendance at drills. Plaintiffs Battag-

1. Air Force Regulation 35–10 states in relevant part:

"Wigs or hairpieces will not be worn while on duty or in uniform except for cosmetic reasons to cover natural baldness, or physical baldness. If under these conditions a wig or hairpiece is worn it will conform to Air Force standards."

2. Air Force Regulation 30–1 states in relevant part:

"Hair will be neat, clean, trimmed and present a groomed and tapered appearance. In no case will the bulk or length of the hair interfere with the proper wear of any Air Force head gear. Accordingly, excessively long, extreme ragged or unkempt hair which precludes the proper wear of any such head gear is prohibited. Hair will not touch the ears or the collar except the closely cut hair on the back of the neck. Hair will be groomed so that it does not fall below the eyebrows and will not protrude below the front band of any Air Force head gear. The acceptability of a member's hair style will be based upon the criteria in this paragraph and not upon the style in which he chooses to wear his hair."

lia, O'Brien, and Pickens, individually, and members of the class they represent, have been chilled in the exercise of constitutionally protected activity in that they have been intimidated from wearing a short hair wig as a means of obtaining compliance with Air Force Regulation 30–1.

2. Plaintiffs, individually, and members of the class they represent, desire to wear long hair in civilian life, as a measure of personal privacy, autonomy, and liberty. Plaintiffs, individually, and members of the class they represent, desire to wear short hair wigs at unit drills and also at annual two week summer camp. Plaintiffs, individually, and members of the class they represent wear long hair to facilitate the exercise of their rights to freedom of association among individuals and groups with whom they prefer to associate in private life. Plaintiffs, individually, and members of the class they represent, wish to wear long hair to express certain political and cultural opinions and to protest certain mores, standards and conditions of our society.

3. Plaintiffs, individually, and members of the class they represent, will suffer irreparable harm if they are expelled from drills or from annual summer camp and denied credit for attendance, in that they will face punitive involuntary activation, will have their records marred, and will have their opportunity diminished for promotion and for obtaining similar discretionary benefits. Plaintiffs, individually, and members of the class they represent, will suffer irreparable harm if they are forced to or intimidated into cutting their hair, in that they will be deprived of their personal privacy, freedom of association and freedom of expression. Plaintiffs, individually, and members of the class they represent, have no other adequate or effective remedy at law for the injuries suffered and threatened, and such injuries will continue unless relief is granted by this Court.

4. The challenged regulation is in excess of the authority conferred upon Defendants by 10 U.S.C. 280 and 673(a) in that the purpose and effect of the regulation is to regulate the civilian life of the Plaintiffs, individually, and of members of the class they represent, even though, when wearing a short hair wig, each person would present a neat and soldierly appearance, and otherwise be in conformity with the standards of Air Force Regulation 30–1. The regulation banning wigs is unconstitutional on its face and as applied in that it violates the freedoms of speech and expression guaranteed by the first amendment, the right of privacy guaranteed by the fourth amendment, & the substance of due process as guaranteed by the fifth amendment. The regulation banning wigs is unconstitutional on its face and as applied in that it violates equal protection, being arbitrary, based on capricious and unreasonable categories and being not reasonably related to any valid governmental function in regulating the Plaintiffs, individually, and members of the class they represent, as reservists, thereby working an invidious discrimination against them. The regulation banning wigs is unconstitutional on its face and as applied in that the imposition of involuntary punitive activation is a cruel and unusual punishment for the wearing of a short hair wig, as protected by the first, fourth, and fifth amendments, such punishment being proscribed by the eighth amendment. The regulation banning wigs is unconstitutional on its

face and as applied in that it deprives the Plaintiffs, individually, and members of the class they represent, of rights to the pursuit of life, liberty, and happiness as reserved to the people by the ninth amendment. Plaintiffs, individually, and members of the class they represent, have no further administrative remedies.

5. Plaintiffs, individually, and on behalf of all other persons similarly situated, pray this Court to:

(a) enter judgment in favor of each named Plaintiff and identified members of their class against the Defendant United States of America in the amount of $5,000.00.

(b) issue a preliminary injunction against each of the named Defendants enjoining each of them from enforcing Air Force regulations, including but not necessarily limited to, AFR 35–10, which prohibit Plaintiffs, individually, and members of the class they represent, from wearing short hair wigs to cover long hair while attending drills and annual summer camp.

(c) issue a permanent injunction against the named Defendants enjoining each of them, their employees and agents, from enforcing Air Force regulations, including but not necessarily limited to AFR 35–10, which prohibit or limit the rights of reservists to wear short hair wigs to cover long hair while attending drills, annual summer camp, and other official reservist functions and activities.

(d) declare the Air Force Regulation 35–10 to be in excess of Defendants' statutory authority.

(e) declare the Air Force Regulation to be unconstitutional.

(f) enjoin Defendants, their agents and employees from attempting to regulate or limit the length of hair a reservist may maintain under his wig.

(g) enjoin Defendants from exercising the authority granted pursuant to 10 U.S.C. 673(a) to order Plaintiffs, individually, and other persons similarly situated as members of the class they represent, to punitive involuntary activation for an accumulation of unexcused absences based on the wearing of a short hair wig.

(h) grant Plaintiffs attorneys fees and court costs for maintaining this action.

The named plaintiffs in support of their instant motion to maintain this suit as a class action and enlarge the preliminary injunction contend that the plaintiff class meets all the requirements of Rule 23 and that in the interests of justice the preliminary injunction should be enlarged to include all class members.

The defendants in opposition to the instant motion contend that the plaintiff class fails to meet the requirement of Rule 23(a) and that this Court should dissolve the preliminary injunction and refrain from exercising its discretionary jurisdiction because plaintiffs have adequate remedies within the military system which they have failed to exhaust.

## I. REQUIREMENTS FOR THE MAINTENANCE OF A CLASS ACTION

In order for a class action to be the proper mechanism for adjudicating a controversy, the following requirements of Rule 23(a) must all be satisfied:

1. The class must be so numerous that joinder of all members would be impracticable.

2. There must be questions of law or fact common to the class.

3. The claims or defenses of the representative parties must be typical of the claims or defenses of the class.

4. The representative parties must fairly and adequately protect the interests of the class.

In addition one of the provisions of Rule 23(b) must be satisfied. The plaintiff has stated that the purported class of plaintiffs is brought pursuant to the requirements of Rule 23(b)(3) which provides:

"the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action."

## II. THE PURPORTED PLAINTIFFS' CLASS MEETS ALL THE REQUIREMENTS OF RULE 23(a) and (b)(3)

### A. *Definition of the Class*

The named plaintiffs have suggested three definitions for the proposed class:

(1) All Illinois Air National Guardsmen headquartered or stationed at O'Hare Field Airport who wore and were prevented from or punished for wearing short wigs at any time during the six year period prior to the commencement of this action on October 31, 1973.

(2) All Illinois Air National Guardsmen headquartered or stationed at O'Hare Field Airport in active service as guardsmen who wore and were prevented from or punished for wearing short hair wigs up to the time this Court entered its order of November 1, 1973.

(3) All Illinois Air National Guardsmen headquartered or stationed at O'Hare Field Airport still in active service as guardsmen at the time this Court entered its order of November 1, 1973, and for one year prior to November 1, 1973, who wore and were prevented from or punished for wearing short hair wigs.

■ The named plaintiffs alleged that pursuant to Rule 23 of the Federal Rules of Civil Procedure, they are bringing this action individually and on behalf of all other persons similarly situated. It is apparent to this Court that the only persons similarly situated to the named plaintiffs are those members of the Illinois Air National Guard who were stationed or headquartered for their reserve obligation at the O'Hare Field Airport on the date that this action was filed October 31, 1973.

Any definition of the class which involves a retroactive inclusion of all Air National Guardsmen who during a period of time prior to the filing of this action may have been subject to punitive measures as a consequence of violation of Air Force Regulation 35–10, is not a proper definition of those similarly situated to the named plaintiffs at the time they instituted the instant action. In fact, the inclusion in this class action of persons who were not members of the respective Air National Guard Units at the time the instant action was filed would only obfuscate the issues and unnecessarily complicate the instant action.

It is clear to this Court that the only proper and just definition of the instant class is all members of Illinois Air National Guard units who were stationed or headquartered at the O'Hare Air Field at the time this action was filed and who are presently subject to or in the future may be subject to punitive measures as a consequence of a violation of Air Force Regulation 35–10, or who have relinquished or may relinquish in

the future alleged constitutional rights because of Air Force Regulation 35–10.

This definition of the class is carefully drawn so that it will not only insure the proper representation of the class by the named plaintiffs, but also allow a class which is in reality similarly situated to the named plaintiffs. This Court will thus consider only whether a class such as just defined by this Court should be allowed in accordance with Rule 23 of the Federal Rules of Civil Procedure.

### B. Joinder of All Members is Impracticable

■ One of the essential criteria governing the propriety of a class action, and one of the safeguards against its indiscriminate use to avoid joinder is that the membership of the class must be so numerous as to make it impracticable for the named plaintiffs to bring all before the court. Matthies v. Seymour Mfg. Co., 270 F.2d 365 (9th Cir., 1959) reconsideration denied 271 F.2d 740, certiorari denied 361 U.S. 962, 80 S.Ct. 591, 4 L.Ed.2d 554.

The defendants have polled 1,088 members of the respective units at their monthly drills as to whether they "each will wear a wig which conforms to Air Force hair style regulations so as to cover his natural hair which does not or may not conform to such regulations." There were 325 guardsmen or 29.8% of all those polled who stated they would wear such a short hair wig regardless of whether the question was improperly phrased, as contended by the named plaintiffs. There appear to be at least 325 persons in the putative class. Although mere numbers should not be the sole guideline as to the practicality of joinder, these figures indicate that joinder of all members of the class would clearly be impracticable. See DeMarco v. Edens, 390 F.2d 836 (2nd Cir., 1968); Fidelis Corporation v. Litton Industries, Inc., 293 F.Supp. 164 (S.D.N.Y., 1968); Cannon v. Texas Gulf Sulphur Company, 47 F.R.D. 60 (S.D.N.Y., 1969).

As a practical matter, the capacities of even the best judges and jurors to absorb the factual situation presented are finite and the capacity of a courthouse does not begin to reach that of a coliseum. Joinder of all members of the putative class is impracticable because it would stretch the facilities and abilities of this Court beyond their elastic limit.

### C. There are Common Questions of Law or Fact

The crucial legal question to the instant action is the validity and constitutionality of Air Force Regulation 35–10. This is the overriding common legal question which must be considered to predominate over any questions affecting only individual members. A finding by this Court as to the validity and constitutionality of Air Force Regulation 35–10 will essentially dispose of all other questions of law. Thus it is clear that there is a common question of law.

### D. The Claims or Defenses of the Representative Parties are Typical of those of the Class

The requirement that the representatives of the class have claims which are typical of the claims of the class has been construed to mean that the representatives must not have interests antagonistic to or in conflict with those they seek to represent. Mersay v. First Republic Corporation, 43 F.R.D. 465 (S. D.N.Y., 1968). Courts have broadly construed this requirement in light of the trial court's ability to make use of the flexibility available to it and so important to the proper application of Rule 23. See Green v. Wolf Corporation, 406 F.2d 291 (2nd Cir., 1968). In this case, the issues to be tried are quite narrow and there are no apparent conflicts between the named plaintiffs and other class members.

### E. The Named Plaintiffs Appear to be Able to Provide Fair and Adequate Protection of the Interests of the Class

■ The named plaintiffs contend that they will fairly and adequately represent the class. An essential concomitant of adequate protection is that the

party's attorney be qualified, experienced, and generally able to conduct the proposed litigation. Additionally, it is necessary to eliminate so far as possible the likelihood that the litigants are involved in a collusive suit or that the named plaintiffs have interests antagonistic to those of the remainder of the class. In this case, there is no indication that the named plaintiffs' attorneys do not satisfy these requirements or that the named plaintiffs have interests antagonistic to those of the remainder of the class.

F. *In the Instant Action it is Clear that Common Questions Predominate and that a Class Action is a Superior Means of Litigation*

It is clear that the common question of whether Air Force Regulation 35–10 is valid and constitutional predominates over any possible individual questions. A class action is superior to other methods available for a fair and efficient adjudication of the instant controversy. The time, energy and expense of not only the litigants, but also this Court will be saved by having this action maintained as a class action.

█ After considering the above matters, this Court concludes that the class as defined by this Court hereinabove satisfies all the requirements of Rule 23(a) and (b)(3). Accordingly, this suit should be maintained as a class action, with the class defined as set out hereinabove.

III. THE PRELIMINARY INJUNCTION IS PROPER AND SHOULD BE ENLARGED TO PROTECT ALL MEMBERS OF THE CLASS

The defendants contend that this Court should dissolve the preliminary injunction and refrain from exercising its discretionary jurisdiction because plaintiffs have adequate remedies within the military system which they have failed to exhaust.

In support of this contention, the defendants allege:

(1) Plaintiffs have failed to utilize Article 138 of the Uniform Code of Military Justice.

(2) Plaintiffs have failed to invoke or exhaust administrative appeal procedures under 10 U.S.C. § 673(a).

(3) Plaintiffs have failed to utilize the Air Force Inspector General complaint system.

(4) Plaintiffs have failed to apply to the Air Force Board for correction of military errors.

(5) Assuming plaintiffs are involuntarily activated and refuse to comply with the wig regulation, court-martial proceedings will permit plaintiffs to litigate the constitutionality of Air Force Regulation 35–10.

(6) Plaintiffs have failed to utilize the administrative remedy permitting them to transfer to other ready reserve components whose regulations permit the wearing of wigs to cover long hair.

While not ruling on the propriety of the defendants questioning this Court's prior order granting a preliminary injunction in their response to the instant motion, it is clear that this Court should explicitate its reasons for granting a preliminary injunction in the instant action.

█ The instant preliminary injunction was granted against the defendants in order to protect putative rights and the military status of the named plaintiffs until this Court decides the issues in question. There was a twofold basis for this ruling.

█ First, there is a recent trend in the case law which would seem to support the proposition advocated by the plaintiffs. In so far as members of the Armed Forces Reserves are concerned, who under their contracts are allowed to work and live in civilian society for the vast majority of the time, the right to wear their hair as they please is not so trivial as to be denied without sufficient service-connected reasons. See Friedman v. Froehlke, 470 F.2d 1351 (1st

Cir., 1972); Harris v. Kaine, 352 F. Supp. 769 (S.D.N.Y., 1972); Schreiber v. Wick, 362 F.Supp. 193 (N.D.Ill., 1973); cf. Anderson v. Laird, 437 F.2d 912 (7th Cir., 1971).

Second, the United States Army in a recent change to Army Regulation 600–20 (chapter 5) granted to Army reservists exactly what these reservists seek. The conflicting policy between branches of military service concerning the grooming of reservists might well involve constitutional problems of equal protection and due process.

█ It must be remembered that the instant preliminary injunction was granted to protect the putative rights and military status of the named plaintiffs until this Court decides the issues in question. The administrative remedies suggested by the defendants are not only inadequate remedies given the fact that the plaintiffs seek to challenge an established military regulation, but also some of these alleged administrative remedies would seriously jeopardize the rights and military status of the plaintiffs. It is clear that the only real remedy which will not seriously jeopardize the plaintiffs' rights and military status and which will effectively and efficiently provide a forum for the proper litigation of the plaintiffs' rights is the instant action. It is equally clear that the preliminary injunction should be enlarged to protect the putative rights and military status of the members of plaintiffs' class.

Accordingly, it is hereby ordered:

(1) that the plaintiffs motion that the instant suit be maintained as a class action, as defined above, is granted; and

(2) that until the issues of the instant action are resolved, the defendants and their agents, servants and employees are enjoined from enforcing any regulations, orders, and/or policies of the Illinois National Air Guard or the United States Air Force which prohibit the members of the plaintiff class while attending monthly drills and annual training as reservists from wearing short hair wigs to cover long hair.