**Michael HENNIG, Plaintiff,**

**v.**

**UNITED STATES of America et al.,
Defendants.**

**Edward J. CULLEN et al., Plaintiffs,**

**v.**

**UNITED STATES of America et al.,
Defendants.**

**Joseph DeFILIPPIS et al., Plaintiffs,**

**v.**

**UNITED STATES of America et al.,
Defendants.**

**Nos. 73 C 2289, 73 C 2790 and 74 C 68.**

United States District Court,
N. D. Illinois, E. D.

Oct. 30, 1974.

Edward Stein of Edwards, Haney, Singer & Stein, Chicago, Ill., for plaintiffs.

James R. Thompson, U. S. Atty., Chicago, Ill., for defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

BAUER, District Judge.

These findings of fact result from a careful consideration of testimony given

by the respective witnesses and other evidence submitted by the parties. These findings are predicated upon the Court's observation of the witnesses, its consideration of their demeanor and ability, its appraisal of other competent evidence submitted by the parties and its examination of the relevant pleadings and memoranda submitted.

## FINDINGS OF FACT

A. *The Parties & Jurisdiction*

1. The named plaintiffs are citizens of the United States and residents of the State of Illinois. The plaintiffs are members of the Illinois Air National Guard, stationed for their reserve obligations at O'Hare Field Airport, Chicago, Illinois.

2. The defendant United States of America was represented in the exercise of its national sovereignty by the United States Air Force. The other named defendants are respectively members of the plaintiffs' chain of command and those exercising authority over them and acting on behalf of the United States of America in enforcing rules, regulations, policy and practice of the respective services in preventing the wearing of short hair wigs at drills and annual training.

3. Jurisdiction is alleged under 28 U.S.C. § 1331, § 1346, § 2201, and § 2202.

B. *The Issue.*

4. This cause comes on plaintiff's motion for a permanent injunction. Previously a preliminary injunction was issued on January 25, 1974 by this Court which enjoined the defendants from enforcing any rules or regulations prohibiting the wearing of wigs. The above entitled actions involve a challenge by plaintiffs and their respective classes against the policies and practice of the Illinois Air National Guard in not permitting the wearing of short hair wigs to monthly drill weekends (unit training assemblies) or annual training (summer camp). The issues raised by plaintiffs are the same with respect to injunctive and declaratory judgment relief, to redress the alleged deprivation of the rights, privileges and immunities guaranteed by the First, Fourth, Fifth, Eighth and Ninth Amendments to the Constitution of the United States to the named plaintiffs and to all other persons similarly situated.

5. Since granting to plaintiffs a preliminary injunction the Air Force has changed its regulations concerning the wearing of short hair wigs by reservists.* The preliminary injunction previously entered allows the wearing of wigs at weekend drills as well as annual training. The new regulation promulgated by the Air Force purports to allow the wearing of short hair wigs to cover long hair at weekend drills and annual training.

6. A hearing was had on October 15, 1974 and both parties had an opportunity to submit evidence and testimony. The plaintiffs submitted as evidence an Air Force order directed to one of the plaintiffs (Michael Hennig) stating that "Note: An order has been issued by higher headquarters that no one will go TDY from O'Hare IAP wearing a wig." Testimony from the plaintiffs was to the effect that wig wearers were not allowed to leave O'Hare just because they wore wigs.

7. The evidence established that certain plaintiffs are presently subject to, or in the future may be subject to,

---

* AFM 35–10 (Expires: 1 April 1975): (4) Wigs. Wigs or hairpieces may be worn while on duty or in uniform only under the following conditions:

    (a) For cosmetic reasons to cover natural baldness or physical disfiguration.

    (b) By members of the Air National Guard and Air Force Reserve engaged in inactive duty training periods or periods

of active duty for training of 30 days or less.

Note: If under these conditions a wig or hairpiece is worn, it will be of good quality and fit, present a natural appearance, not interfere with the proper performance of duty, and conform to the Air Force grooming standards set forth in this para and table 1–1."

punitive measures because of the use of short hair wigs, or that they may be forced to relinquish alleged constitutional rights at some point in the future.

## CONCLUSIONS OF LAW

1. The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 2201, and 2202.

2. Insofar as members of the Armed Forces Reserves and Guard are concerned, who under their contracts are allowed to work and live in civilian society for the vast majority of the time, the right to wear their hair as they please is not so trivial as to be denied without sufficient service-connected reasons. Miller v. Ackerman, 488 F.2d 920 (8th Cir. decided December 19, 1973); Friedman v. Foehlke, 470 F.2d 1351 (1st Cir. 1972); Harris v. Kaine, 352 F.Supp. 769 (S.D.N.Y. 1972); Schreiber v. Wick, 362 F.Supp. 193 (N.D.Ill.1973); cf. Anderson v. Laird, 437 F.2d 912 (7th Cir. 1971). Arnold v. Carpenter, 459 F.2d 939 (7th Cir. 1972).

3. The no-wig rule encroaches substantially on plaintiffs' rights to govern their personal appearance outside their limited duty in the Air Force. The Court finds such interference with plaintiffs' personal liberties can only be justified on the basis of legitimate competing interests. The record is void in demonstrating such interests. The substantial personal liberties in question are balanced in favor of the plaintiffs.

4. It is the opinion of this Court after carefully examining the pleadings and relevant case law and weighing the testimony (adduced on January 25, 1974 and October 16, 1974) and exhibits and evidence presented that this cause be maintained as a class action pursuant to Rule 23(c)(1) of the Federal Rules of Civil Procedure and that a permanent injunction issue enjoining the defendants and their agents, servants, and employees from promulgating or enforcing any regulation, orders, and/or policies of the United States Air Force or components thereof which prohibit the plaintiffs individually and members of their respective classes while attending monthly drills and annual training as Guardsmen or Reservists from wearing short hair wigs to cover long hair, or taking punitive action against said plaintiffs for wearing short hair wigs.