Ann FLAMM and Arnold M.
Flamm, Plaintiffs,

v.

Rudolph EBERSTADT, Jr., and
Microdot, Inc., Defendants.

No. 76 C 427.

United States District Court,
N. D. Illinois, E. D.

Oct. 19, 1976.

Arthur T. Susman, Thomas R. Meites,
Chicago, Ill., for plaintiffs.

Gerald D. Skoning, Andrew R. Laidlaw,
Joseph E. Wyse, Chicago, Ill., for defendants.

MEMORANDUM OPINION

FLAUM, District Judge:

Plaintiffs, Ann and Arnold M. Flamm, are co-trustees of a trust which purchased and sold shares of stock of defendant Microdot, Inc. The complaint alleges that during the period beginning on December 5, 1975 and ending on January 23, 1976 the defendants made false and material misstatements or omissions in connection with the sale of Microdot common stock during the pendency of a tender offer by General Cable Corp., in violation of the Securities Exchange Act of 1934, §§ 10(b), 14(e), 15 U.S.C. §§ 78j(b), n(e). Plaintiffs seek damages for themselves as well as the right to represent a class composed of:

All sellers of the common stock of Microdot, Inc. during the period beginning on December 5, 1975 and ending at the close of business on January 23, 1976, excluding the defendants and those in concert with them.

Before the court are plaintiffs' and defendants' motions raising the question of

whether or not this cause should proceed as a class action. Rule 23(a) of the Federal Rules of Civil Procedure provides:

(a) Prerequisites to a Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

While defendants argue that plaintiffs have failed to establish several of the abovementioned criteria, it is the fourth requirement of fair and adequate representation that the defendants urge as the primary reason for why class certification in this cause, at this time, would be inappropriate.

Defendants' argument for why plaintiffs in this cause will not fairly and adequately protect the interests of the class they seek to represent is premised upon certain undisputed facts. It appears that Arnold M. Flamm is an attorney practicing in partnership with Arthur T. Susman, one of the two attorneys of record for plaintiffs in this cause, in a firm named Prins, Flamm and Susman, Ltd. The second attorney of record, Thomas R. Meites, is a private practitioner who rents and shares office space in the same suite as is occupied by plaintiff's firm. Moreover, the second plaintiff in this suit, Ann Flamm, is the mother of Arnold M. Flamm. Finally, it appears that the recovery to be had by the individual plaintiffs in this case will be much less than the possible attorney's fees generated by the prosecution of this suit as a class action.[1]

Defendants contend that these facts demonstrate that the plaintiffs will be faced with a conflict of interest which could or will prevent them from fairly and adequately representing the interests of the proposed class. Thus, defendants argue, because of the minimal recovery which the plaintiffs seek individually, plaintiffs may be inclined to act in such a way as to maximize the return from this suit to their associates who are representing them, a return which Arnold Flamm might share in as a member of his attorney's law firm. Moreover, defendants suggest that if Arnold Flamm is represented by his own law firm ethical considerations might foreclose the possibility of him testifying in this cause to the detriment of the class he seeks to represent.

 It should be noted at the outset that the burden is on the plaintiff seeking class certification to establish that he will fairly and adequately represent the interests of the proposed class. *Albertson's, Inc. v. Amalgamated Sugar Co.*, 503 F.2d 459, 463 (10th Cir. 1974); *Cullen v. United States*, 372 F.Supp. 441, 445 (N.D.Ill.1974); *Graybeal v. American Savings & Loan Assoc.*, 59 F.R.D. 7, 13 (D.D.C.1973). Moreover, it is the obligation of this court in determining whether or not the named plaintiffs are proper representatives of the proposed class to minimize as much as practicable the potentiality that the named plaintiffs' interests will be antagonistic to the interests of the class. *Phillips v. Klassen*, 163 U.S.App.D.C. 360, 502 F.2d 362, 365–66, *cert. denied*, 419 U.S. 996, 95 S.Ct. 309, 42 L.Ed.2d 269 (1974); *Schy v. Susquehanna Corp.*, 419 F.2d 1112, 1117 (7th Cir.), *cert. denied*, 400 U.S. 826, 91 S.Ct. 51, 27 L.Ed.2d 55 (1970). *Cf. Cullen v. United States, supra* at 447–48.

While it is true that the Seventh Circuit has yet to pass on the question of whether or not it is appropriate for an attorney to represent himself in a suit and at the same time attempt to represent a class, or whether such an attorney may have his law associates represent him,[2] many other courts

---

1. The recovery to the individual plaintiffs will be approximately $800. However, it should be further noted that plaintiffs sue in their capacity as trustees of an inter-vivos trust so that they themselves may not receive any form of recovery at the termination of this action.

2. It should be noted that the Seventh Circuit has had called to its attention such a situation.

have disapproved of such practices. *See, Conway v. City of Kenosha,* 409 F.Supp. 344 (E.D.Wisc.1975) (plaintiff represented himself); *Seiden v. Nicholson,* 69 F.R.D. 681 (N.D.Ill.1975) (plaintiff represented himself); *Stull v. Pool,* 63 F.R.D. 702 (S.D.N.Y. 1974) (plaintiff was wife of attorney of record); *Graybeal v. American Savings & Loan Assoc.,* 59 F.R.D. 7 (D.D.C.1973) (plaintiff represented himself); *Cotchett v. Avis Rent A Car System, Inc.,* 56 F.R.D. 549 (S.D.N.Y.1972) (plaintiff member of firm representing him); *Shields v. Valley Nat'l Bank of Arizona,* 56 F.R.D. 448 (D.Ariz. 1971) (plaintiff represented himself); *Shields v. First Nat'l Bank of Arizona,* 56 F.R.D. 442 (D.Ariz.1972) (plaintiff represented himself); *Kriger v. European Health Spa, Inc.,* 56 F.R.D. 104 (E.D.Wisc.1972) (plaintiff member of firm representing him). *Cf. Eovaldi v. First Nat'l Bank of Chicago,* 57 F.R.D. 545 (N.D.Ill.1972) (class certified even though plaintiff sought to act as co-counsel since other attorneys also sought to represent the class); *Sommers v. Abraham Lincoln Federal Savings & Loan Ass'n,* 66 F.R.D. 581 (E.D.Penn.1975) (class certified even though plaintiff's firm represented him because other independent plaintiffs were also named). In its research, this court has found only two cases which have directly allowed an attorney, or his firm, to represent himself as a class representative. *Umbriac v. American Snacks, Inc.,* 388 F.Supp. 265 (E.D.Penn. 1975) (plaintiff member of firm representing him); *Lamb v. United Security Life Co.,* 59 F.R.D. 25 (S.D.Iowa 1972) (plaintiff representing himself).

This court is in agreement with the vast majority of other courts that such an arrangement, whereby a plaintiff seeks to represent a class and act as his own attorney or retains his own law firm or associates places a millstone around the plaintiff's neck which might prevent him from properly representing the proposed class.

As pointed out by the court in *Graybeal v. American Savings & Loan Assoc., supra,*

Plaintiffs have placed themselves in the dual roles of attorneys for, and representatives of, the proposed class. These dual roles are inherently fraught with potential conflicts of interests. In any class action there is always the temptation for the attorney for the class to recommend settlement on terms less favorable to his clients because a large fee is part of the bargain. The impropriety of such a position is increased where, as here, the attorney is also the representative who brought the action on behalf of the class, and where, as here, the potential recoveries by individual members, including representatives, of the class are likely to be very small in proportion to the total amount of recovery by the class as a whole. Thus plaintiffs may stand to gain little as class representatives, but may gain very much as attorneys for the class.

*Id.* at 13–14. Moreover, the court in *Kriger v. European Health Spa, Inc., supra,* has pointed out the evidentiary problem which might arise if the proposed class representative seeks to testify in the cause:

[A] burdensome ethical question would be raised if the plaintiff were to be called as a witness while his firm is employed in the matter. The plaintiff responds that he can pursue the matter without testifying, or, if he should be required to testify, his employers can withdraw as counsel. I find the latter solution unsatisfactory. A person wishing to represent a class must be able to demonstrate "the forthrightness and vigor . . . which the representative party can be expected to assert." . . . This plaintiff has commenced an action under a disability that *no other member of the class is likely to have*—an inability to testify except at the cost of withdrawal of counsel familiar with the case from its inception. It is not enough to say that his testimony may not

In *Goldman v. First Nat'l Bank of Chicago,* 532 F.2d 10 (7th Cir. 1976), the court stated in a footnote that, "Goldman's withdrawal as counsel in the case removed the judge's major objection to his acting as the representative party

for the class." *Id.* at 15 n. 6. All that can be said about this statement is that the Seventh Circuit did not disapprove of the district court's concern with having a lawyer being the class representative and counsel in the cause.

be needed; the possibility of such a need makes him less capable of adequate representation than others in the class.

*Id.* at 105–06 (citation omitted).

■ This court recognizes the importance of class actions as a mechanism by which those who have suffered small injuries can band together for the purpose of vindicating their rights. Just recently, in an unpublished memorandum opinion, this court certified a class in a 10b–5 action where all elements for class certification were met. *Shofstall v. Allied Van Lines,* No. 74 C 2067 (N.D.Ill., July 8, 1976). However, this court also recognizes that class actions have the potential for abuse so as to make them more a vehicle for enrichment of the private bar rather than a tool to prevent unlawful activity. *See In re Hotel Telephone Charges,* 500 F.2d 86, 91 (9th Cir. 1974). Class actions have been criticized, moreover, because they tend to raise ethical questions concerning the solicitation of law suits by attorneys. *See Kramer v. Scientific Control Corp.,* 534 F.2d 1085 (3d Cir., 1976). Arrangements such as the one presently before the court can only add support for the critics who wish to see class actions limited. Furthermore, this court cannot agree with some that if there are any possible abuses which could occur when the class representative is a member of the firm which seeks to represent the class in the law suit that the court, as guardian of the class, can adequately police and protect the class' interests. *See, e. g., Lamb v. United Security Life Co.,* 59 F.R.D. 25, 31 (S.D. Iowa 1972). The court, as a protector under rule 23(c), can never replace an aggressive and interested plaintiff who seeks vindication of his rights. The plaintiff must truly be interested in the "outcome" of the litigation so that the class can properly have two protectors of its interests. *See In re Goldchip Funding Co.,* 61 F.R.D. 592 (M.D.Penn. 1974).

■ Therefore, this court finds that when the class representative is a close professional associate with the attorney of record in the cause, the class representative can not adequately and fairly represent the class and certification should be denied. Plaintiffs herein raise several arguments, which need little comment, as to why this rule need not apply here. First, plaintiffs argue that Ann Flamm is a totally independent class representative not faced with any conflict of interests. However, Ms. Flamm is the mother of Arnold Flamm and as such can not be characterized as a totally independent class representative. Moreover, Ms. Flamm sues as a trustee, and as the defendants point out, she could not have filed her action without also joining Arnold Flamm. Second, plaintiffs contend that although Mr. Meites does share office space with Arnold Flamm's firm of Prins, Flamm and Susman, Ltd., that Mr. Meites is completely independent of and not professionally associated with plaintiff Flamm's law firm. While it may be true that there is no "legal" relationship between Mr. Meites and Mr. Flamm, this court is aware that legal work is done in which Mr. Meites collaborates with the firm of Prins, Flamm and Susman, Ltd. *See, e. g., Susman v. Lincoln American Corp.,* No. 73 C 1089 (N.D.Ill., filed April 26, 1973) (a case also seeking class certification and where both the firm of Prins, Flamm and Susman, Ltd., and Mr. Meites are attorneys of record).

■ Third, plaintiffs argue that Mr. Flamm has waived any interest in fees and therefore there is in fact no conflict of interest. But, as defendants point out, the firm of Prins, Flamm and Susman, Ltd., is a professional service corporation organized under the laws of the State of Illinois and therefore such a waiver is not possible. While the plaintiffs have not responded to this point, all the court need state is that it is the spectre of conflict of interest which moves the court to deny class certification here and not the actuality of such a conflict. And finally, plaintiffs raise the argument that it seems strange for the defendants, who would rather see no law suit in this case, to argue for the protection of the class. *See Umbriac v. American Snacks, Inc.,* 388 F.Supp. 265, 275 (E.D.Pa.1975). However, the manner in which the fact of inappropriate representation is presented to

the court is immaterial to the requirement that plaintiffs must establish that they are proper representatives.

In conclusion, the court wishes to indicate that there has been no act of impropriety committed by any of the plaintiffs or their attorneys. Moreover, the court wishes to indicate that it is not saying that in an ordinary case a plaintiff can not be represented by a close professional associate. All the court is saying is that a class action cannot be maintained in an action such as this since the requirements of rule 23(a)(4) have not been met. Plaintiffs can seek different counsel if they so desire to dispel any possibility of conflict of interest. Thus, this lawsuit may continue; it may not however, at this time, proceed as a class action.

It is so ordered.