Robert TADDONIO, by his next friend Florian TADDONIO and on behalf of a class of all others similarly situated

v.

Margaret HECKLER, Secretary, Health and Human Services.

Civ. A. No. 83–5600.

United States District Court,
E.D. Pennsylvania.

Feb. 28, 1985.

Mark Kaufman, Chester, Pa., for plaintiff.

Edward S.G. Dennis, Jr., U.S. Atty., Margaret Hutchinson, Thomas Dougherty, Joan Garner, Asst. U.S. Attys., Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

Presently before the court are (1) plaintiff's motion to certify a class, (2) plaintiff's motion for summary judgment, (3) the government's motion to dismiss the complaint as moot, and, in the alternative, (4) the government's motion for summary judgment. For the reasons stated herein, the government's motion to dismiss will be granted, and plaintiff's motions will be denied.

## I. FACTS

The central issue in this case is whether or not the Social Security Disability Benefits Reform Act of 1984, Pub.L. 98–460, 98 Stat. 1794–1813 (1984) ("1984 Act"), allowing continuance of benefits pending appeal

by persons such as the plaintiff renders moot the plaintiff's claim before this court that the cessation of benefits pending appeal under the outmoded Social Security Regulations entitles him to some remedy on behalf of himself and persons similarly situated.

In 1977, plaintiff Robert Taddonio was adjudged eligible for Supplemental Social Security Income. Plaintiff was found to suffer from psychiatric problems including paranoid schizophrenia and a drug dependence disorder.

In September, 1983, however, the Social Security Administration in an initial determination that plaintiff had engaged in substantial gainful activity between June and September, 1977, and again between September, 1979, and January, 1980. As a result of this initial determination, plaintiff was found to be not disabled. Plaintiff proceeded to the next step in the process and filed a timely request for reconsideration, but he did not seek a formal or informal conference. On reconsideration, the initial determination was affirmed. The court presumes that plaintiff was terminated at this time.[1]

In November, 1983, plaintiff filed a class action complaint in the United States District Court for the Eastern District of Pennsylvania seeking an order to have the regulations permitting termination of benefits prior to a hearing declared unconstitutional. Meanwhile, on January 12, 1984, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). As a result of a stipulation between counsel, plaintiff continued to receive benefits pending the ALJ's decision.

In February, 1984, plaintiff filed a motion to certify a class. This court dismissed the motion for failure to meet the numerosity requirement. *Taddonio v. Heckler,* C.A. 83–5600 (E.D.Pa. April 10, 1984).

On June 8, 1984, the ALJ determined that plaintiff was unable to perform sub-

stantial gainful activity. On June 20, 1984, plaintiff filed his second motion to certify a class.

Plaintiff challenges the constitutionality of the Social Security Administration's procedure to terminate benefits for Supplemental Social Security Income beneficiaries. Under the Social Security Regulations in effect before the 1984 amendments became effective and at the time the plaintiff initiated this lawsuit, benefits for Supplemental Social Security Income beneficiaries would terminate after an initial determination and reconsideration (adverse to the claimant) and before hearing before an ALJ. 20 C.F.R. § 416.1336(b). The plaintiff asserts that such termination of benefits prior to a hearing before an independent adjudicator is a violation of due process. Plaintiff seeks a court Order authorizing him to represent the interests of Supplemental Social Security Income beneficiaries who had their benefits reduced or terminated on non-medical eligibility factors and who, within ten days of the reconsideration decision, requested a hearing before an ALJ.

The plaintiff and defendant have agreed to the following stipulations:

1. In calendar year 1982, 173,900 individuals were terminated from Supplemental Security Income disability benefits for non-medical reasons excluding SGA.

2. In calendar year 1982, 400 individuals were terminated from Supplemental Security Income for SGA status.

3. In calendar year 1983, 148,300 individuals were terminated from Supplemental Security Income for non-medical reasons excluding SGA status.

4. In calendar year 1983, 200 individuals were terminated from Supplemental Security Income due to substantial gainful activity.

5. After plaintiff filed this lawsuit, the parties stipulated to reinstate plaintiff's benefits pending his hearing request.

---

1. Plaintiff's benefits were reinstated at a later time. Plaintiff does not contend that he suffers any continuing injury as a result of the termina-

tion of his benefits after the reconsideration decision.

The government now moves to dismiss plaintiff's complaint as moot because plaintiff has been receiving continuous Supplemental Social Security Income benefits and is not faced with any adverse determinations as to his status. Plaintiff argues that this case is not moot since his status is being continuously reviewed by the Social Security Administration, and, thus, he faces the real possibility that his benefits will be terminated without a prior hearing. Plaintiff concedes that other than this possibility, he has suffered no injury other than this future possibility.

The difficulty with the plaintiff's position is that provisions of the Social Security Disability Benefits Reform Act of 1984 replaced and rendered inapplicable many of the regulations plaintiff relies upon here.

**2.** The regulations provided:

> The administrative review process consists of several steps, which usually must be requested within certain time periods and in the following order:
>
> (1) Initial determination. This is a determination we make about your eligibility or your continuing eligibility for benefits or about any other matter, as discussed in § 416.1402, that gives you a right to further review.
> (2) Reconsideration. If you are dissatisfied with an initial determination, you may ask us to reconsider it. Generally, you must request a reconsideration before you may request a hearing.
> (3) Hearing. If you are dissatisfied with the reconsideration determination, you may request a hearing before an administrative law judge.
> (4) Appeals Council review. If you are dissatisfied with the decision of the administrative law judge, you may request that the Appeals Council review the decision.
> (5) Federal court review. When you have completed the steps of the administrative review process listed in paragraphs (a)(1) through (a)(4) of this section, we will have made our final decision. If you are dissatisfied with our final decision, you may request judicial review by filing an action in a Federal district court.
> (6) Expedited appeals process. At some time after your initial determination has been reviewed, if you have no dispute with our findings of fact and our application and interpretation of the controlling laws, but you believe that a part of the law is unconstitutional, you may use the expedited appeals process. This process permits you to go directly to a Federal district court so that the constitutional issue may be resolved.

## II. DISCUSSION

The Social Security Regulations prior to the 1984 Act prescribed steps for an administrative review process by which a recipient's continuing eligibility for benefits was reviewed. 20 C.F.R. § 416.400 (1984). This multi-step review process included: (1) initial determination; (2) reconsideration; (3) hearing; (4) Appeals Council review; (5) federal court review; and (6) an expedited appeals process.[2] The regulations provided further that the payment of benefits was to continue after the initial decision if the recipient made a timely appeal for reconsideration. 20 C.F.R. § 416.1336(b).[3] Under this procedure, the recipient's benefits would have been terminated or modified after the decision on reconsideration was

20 C.F.R. § 416.400 (1984).

**3.** The regulations provided:

> Continuation of payment pending an appeal. The written notice of intent to suspend, reduce, or terminate payments shall allow 60 days after the date of receipt of the notice for the recipient to request the appropriate appellate review (see Subpart N of this part). If appeal is filed within 10 days after the individual's receipt of the notice, *the payment shall be continued or reinstated at the previously established payment level* (subject to the effects of intervening events on the payment which are not appealed within 10 days of receipt of a required advance notice or which do not require advance notice, e.g., an increase in the benefit amount) *until a decision on such initial appeal is issued,* unless the individual specifically waives in writing his right to continuation of payment at the previously established level in accordance with paragraph (c) of this section. (See § 416.1337 for exceptions to the continuation of payment level.) Where the request for the appropriate appellate review is filed more than 10 days after the notice is received but within the 60-day period specified in § 416.1410 or § 416.1426, there shall be no right to continuation or reinstatement of payment at the previously established level unless good cause is established under the criteria specified in § 416.1474 for failure to appeal within 10 days after receipt of the notice. For purposes of this paragraph, the date of receipt of the notice of intent to suspend, reduce, or terminate payments shall be presumed to be 5 days after the date on the face of such notice, unless there is a reasonable showing to the contrary. (Emphasis added.)
> 20 C.F.R. § 416.1336(b).

rendered and before the recipient had an opportunity for a hearing before an ALJ.

■ In 1984, however, Congress enacted the Social Security Disability Benefits Reform Act of 1984. Social Security Disability Benefits Reform Act of 1984, Pub.L. 98–460, 98 Stat. 1794–1813 (1984). One of the purposes of the new Act was "to provide a more humane and understandable application and appeal process for disability applicants and beneficiaries appealing termination of their benefits." H.Rep. No. 618, 98th Cong., 2d Sess. 2 (1984), U.S.Code Cong. & Admin.News 1984, 3038, 3039. The 1984 Act substantially changed the previous administrative process. For example, the continuous review of individuals found to be disabled because of a mental impairment has been suspended pending a revision of the criteria and listing in order "to realistically evaluate the ability of a mentally impaired individual to engage in substantial gainful activity in a competitive workplace environment." *Id.* at 1, U.S. Code Cong. & Admin.News 1984, at 3039. The court presumes that the plaintiff will

be significantly affected by the new regulations. The court determines, however, that the statutory authorization to revise the criteria and listings pertaining to review of individuals previously found to be disabled as suffering from mental impairments does not authorize also a revision of the time when benefits may be terminated.

Elsewhere in the 1984 Act, however, Congress does address the issue of continuation of benefits during appeal.[4] Under this Act, Supplemental Social Security beneficiaries, such as the plaintiff, are still subject to continuing review. If the plaintiff's disabling condition is found to be no longer disabling, however, plaintiff can appeal directly to the ALJ from the initial determination. In addition, the plaintiff may elect to have his Supplemental Social Security Income benefits continue until after the hearing before the ALJ. During the deliberation over the 1984 Act by Congress, the House issued its conference report that summarized the effect of this new provision,[5] a Senate Amendment, and a resulting

---

4. Congress in the 1984 Act made the following amendment:

 Section 1631(a) of such Act is amended by adding at the end thereof the following new paragraph:
 (A) In any case where—
 (i) an individual is a recipient of benefits based on disability or blindness under this title,
 (ii) the physical or mental impairment on the basis of which such benefits are payable is found to have ceased, not to have existed, or to no longer be disabling, and as a consequence such individual is determined not to be entitled to such benefits, and
 (iii) a timely request for review or for a hearing is pending with respect to the determination that he is not so entitled, such individual may elect (in such manner and form and within such time as the Secretary shall by regulations prescribe) to have the payment of such benefits continued for an additional period beginning with the first month beginning after the date of the enactment of this paragraph for which (under such determination) such benefits are no longer otherwise payable, and ending with the earlier of (I) the month preceding the month in which a decision is made after such a hearing, or (II) the month preceding the month in which no such request for review or a hearing is pending.

Social Security Disability Benefits Reform Act of 1984, Pub.L. 98–460, § 7(b), 98 Stat. 1803 (1984).

5. The House Conference Report summarized the effect of the new provision:

 Present law
 Disability benefits are payable for the month as of which the beneficiary is determined to be ineligible and for the 2 months succeeding. Benefits do not generally continue during appeal.
 Under a temporary provision in P.L. 97–455 (as modified by P.L. 98–118), individuals notified of a medical termination decision could elect to have DI benefits and medicare coverage continued during appeal—through the month preceding the month of the ALJ hearing decision. These additional DI benefits are subject to recovery as overpayments if the initial termination decision is upheld (unless they qualify for waiver under the standard provisions for waiver of overpayments). This provision does not apply to terminations made after December 6, 1983. Benefits are last payable under this provision for June 1984 (i.e., the July 1984 benefit check).
 House bill
 Permanently extends provision (with technical changes) for continuation of DI and SSI benefits during appeal. Requires the Secretary to report to the Committees on Ways and

conference agreement that provided as follows:

Conference agreement

The conference agreement follows the House bill with amendments to:

(i) Make permanent the payments through the ALJ hearing for SSI recipients;

(ii) Make the payments through ALJ hearing for DI beneficiaries for termination decisions through December 1987, and benefit payments through June, 1988.

H.Conf.Rep. No. 1039, 98th Cong., 2d Sess. 33 (1984), U.S.Code Cong. & Admin.News 1984, 3038, 3091.

With this statutory background in mind, the court turns to the issue in this case. The issue before the court is whether this case is moot.

█ A case is moot if "neither party has a legally cognizable interest in the final determination of the underlying questions of fact and law." *Los Angeles County v. Davis*, 440 U.S. 625, 631, 99 S.Ct. 1379, 1383, 59 L.Ed.2d 642 (1979). There must be "no reasonable expectation that the alleged violation will reoccur and interim relief or events have completely and irrevocably eradicated effects of alleged violation." *In re Japanese Electronic Products Antitrust Litigation*, 723 F.2d 238 (3d Cir. 1983).

The Supreme Court has given guidance on whether the adoption of a new procedure can render the challenge to an old procedure moot. *Los Angeles v. Davis*, 440 U.S. 625, 99 S.Ct. 1379, 59 L.Ed.2d 642 (1979). In that case, the adoption of the new procedure did not automatically render the challenge moot. Instead, the Court advanced a thorough "surround the wagons" analysis: (1) the new procedure must completely cure the old improprieties; (2) the defendant must have ceased from his wrongdoing; and (3) no wrongdoing can be done under the new Act. *Los Angeles v. Davis*, 440 U.S. at 632, 99 S.Ct. at 1383.

Under the new Act the plaintiff can elect to continue to receive benefits pending a hearing before an Administrative Law Judge.

█ The court must presume, without evidence to the contrary, that the Social Security Administration is complying with the 1984 Act. *Accord, Center for Science in the Public Interest v. Regan*, 727 F.2d 1161 (D.C.Cir.1984); *State of N.J., Dept. of Educ. v. Hufstedler*, 724 F.2d 34 (3d Cir. 1983).

█ Finally, if the defendant complies with the new Act, the plaintiff cannot be deprived Social Security Disability Benefits without a pre-termination hearing.

Therefore, the court holds that plaintiff's challenge to the constitutionality of the old Social Security Disability Regulations is moot. Accordingly, defendant's motion to dismiss will be granted. Plaintiff's motions will be denied.

An appropriate Order will be entered.

---

Means and Finance by July 1, 1986, on the impact of the provision on the OASDI trust funds and on appeals to ALJs.
Effective date.—On enactment.
Senate amendment
Extends the provision for continued payment of DI and SSI benefits during appeal to termi-

nation decisions made prior to June 1, 1986. (Last month of payments would be for January 1987, i.e., the February 1987 check.)
Effective date.—On enactment.
H.Conf.Rep. No. 1039, 98th Cong., 2d Sess. 33 (1984), U.S.Code Cong. & Admin.News 1984, 3091.