**Robert TADDONIO**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services.**

**Civ. A. No. 83–5600.**

United States District Court,
E.D. Pennsylvania.

April 25, 1985.

Mark Kaufman, Delaware County Legal Assistance, Chester, Pa., for plaintiff.

Edward S.G. Dennis, Jr., U.S. Atty., Edith Ho, Asst. U.S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

Presently before the court are: (1) the Secretary's motion to dismiss; (2) plaintiff's motion for class certification; and (3) cross-motions for summary judgment. Having already granted plaintiff's motion for reconsideration, the court will consider here the several issues raised in the motions and in the briefs for reconsideration which the court must resolve before reaching the merits. As the court has requested additional briefs with respect to key issues penultimate to the decision on the merits, the court will at this time resolve only the motion to dismiss and the motion for class certification and not the cross-motions for summary judgment. For the reasons herein, both the motion to dismiss and the motion for class certification will be denied.

The court adopts its recitation of the facts from its prior Opinion of February 28, 1985. 603 F.Supp. 1008 (D.C.Pa.).

DISCUSSION

The Secretary moves to dismiss plaintiff's complaint on the grounds that: (1) this court has no jurisdiction, Fed.R.Civ.P. 12(b)(1); and (2) the ALJ's decision reinstating plaintiff's benefits rendered this case moot.

■■■■ 1. The first issue is whether the court has subject matter jurisdiction. This is the second time the court has considered this issue. See Taddonio v. Heckler, No. 83–5600 (E.D.Pa. April 9, 1984) (Bechtle, J.). The court held then that it had jurisdiction. Nevertheless, the Secretary raised this issue again on reconsideration. The court has carefully considered the Secretary's renewed arguments and determines

that its April 9, 1984 Opinion is correct. The non-waivable jurisdictional element of the final decision element of 42 U.S.C. § 405(g) is satisfied because "section 405(g) permits class actions on behalf of Supplemental Security Income recipients whose benefits have been reduced or terminated." *Kuehner v. Schweiker*, 717 F.2d 813, 817 (3d Cir.1983), *citing Liberty Alliance of the Blind v. Califano*, 568 F.2d 333 (3d Cir.1977). The exhaustion element of the final decision requirement is also satisfied here since "no § 405(g) exhaustion requirement [exists] for constitutional issues." *Kuehner v. Schweiker*, 717 F.2d at 817. Plaintiff has dropped his statutory claim and sets forth now only his constitutional one.

■■■ 2. The court turns to the mootness issue. The Secretary argues that this case is moot because of two events: (1) plaintiff's benefits never lapsed because there was an agreement between the parties which provided that plaintiff's benefits would continue through the ALJ's decision; and (2) because the ALJ's decision reinstated plaintiff's benefits, plaintiff received all the relief to which he is entitled under the Social Security Act and no longer has any personal stake or interest in this action or its outcome. In response to the Secretary's argument, plaintiff avers that this action is not moot because it falls within the well accepted "capable of repetition, yet evading review" exception to the mootness doctrine. *See Weinstein v. Bradford*, 423 U.S. 147, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975).

The court turns first to the "capable of repetition" element. Under the Secretary's review procedures, plaintiff's benefits, like those of all Supplemental Security Income recipients, are subject to periodic review. 20 C.F.R. § 416.204. It is not improbable that plaintiff's SSI status could be altered or terminated at any time because plaintiff is found to have demonstrated that he was capable of performing SGA[1] or to be ineli-

---

1. "SGA" is the acronym used in the Social Security field to denote "Substantial Gainful Activ-   ity."

gible for other non-medical reasons. Accordingly, the court concludes that the Secretary's challenged action is capable of repetition.

Second, the court considers the evading review element. Plaintiff asserts that this element is met because over half of the termination cases are resolved at the ALJ level. The court determines that plaintiff's averment is inconclusive and imprecise. Nevertheless, the court finds that in situations, such as the situation of plaintiff, where the recipient challenges (in the appropriate district court) the constitutionality of the Secretary's decision at the reconsideration stage,[2] and simultaneously appeals the reconsideration decision for a hearing on the remaining questions before an ALJ, the ALJ will almost invariably render its decision before the district court rules on the difficult constitutional issues, such as the ones before the court in this case. In that event, the outcome of the ALJ's decision would effect the justifiability of the constitutional challenge in the district court. If the ALJ affirms the Secretary's reduction or termination of the recipient's SSI benefits on the non-constitutional grounds, this court cannot perceive that the recipient would have an actual injury because the ALJ has merely determined that plaintiff's benefits had been rightfully terminated below. Under these circumstances, plaintiff would have no standing to continue his lawsuit in the district court. *See Schlesinger v. Reservists to Stop the War,* 418 U.S. 208, 94 S.Ct. 2925, 41 L.Ed.2d 706 (1974). On the other hand, if the ALJ's decision reinstated plaintiff's benefits and the court concluded that the ALJ's decision to reinstate plaintiff's benefits made his constitutional challenge moot, the constitutional issue would continually evade review. As a result, the court holds that plaintiff's challenge is within the "capable of repetition, yet evading review" exception, and the decision of the ALJ, favorable to plaintiff, did not render plaintiff's claim moot.

3. Next, the court turns to plaintiff's motion for class certification. The class which plaintiff seeks to represent consists of

> the SSI beneficiaries whose benefits have been reduced or terminated based on non-medical eligibility factors and who, within 10 days of the reconsideration decision requested a hearing before an Administrative Law Judge.

This is the second time the court considers plaintiff's motion. On April 9, 1984, the court denied plaintiff's motion, but granted plaintiff leave to refile for class certification after discovery on the issue of numerosity. Shortly thereafter, plaintiff filed interrogatories on this issue, and the Secretary responded to them with what the court believes were her best efforts.

Fed.R.Civ.P. 23 sets forth the requirements to certify a class action. The court will certify a class if plaintiff meets his burden of showing each of the four Rule 23(a) prerequisites to a class action and one of the Rule 23(b) prerequisites. *Wetzel v. Liberty Mutual Ins. Co.,* 508 F.2d 239 (3d Cir.), *cert. denied,* 421 U.S. 1011, 95 S.Ct. 2415, 44 L.Ed.2d 679 (1975); *Paskel v. Heckler,* 563 F.Supp. 1095 (E.D. Pa.1983) (Bechtle, J.).

Rule 23(a)(1) requires that the number of members of the proposed class be so numerous that joinder of all members is impracticable. With respect to this requirement, the parties have stipulated to the following facts:

(1) In 1982, 173,900 individuals were terminated for non-medical reasons excluding SGA.

(2) In 1983, 148,300 individuals were terminated for non-medical reasons excluding SGA.

(3) In 1982, 400 individuals were terminated due to SGA.

(4) In 1983, 200 individuals were terminated due to SGA.

---

**2.** The reconsideration decision is deemed to be the Secretary's "final decision" on constitutional

issues. *See Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976).

■ The numerosity element requires the court to consider carefully the number of members of the proposed class in light of the circumstances. There is no clear-cut minimum member figure. *See Demarco v. Edens,* 390 F.2d 836 (2d Cir.1968). The benefits of SSI recipients here are based in part on need. It is likely that many of these recipients would not have the financial and legal wherewithal to challenge the constitutionality of the prehearing termination of benefits. Since hundreds of SSI recipients are effected by the Secretary's practice, certification of a proper class of SSI recipients represented by a proper plaintiff, and not joinder of those recipients, is the proper mechanism by which this litigation should be pursued. *Matthies v. Seymour Manufacturing Co.,* 270 F.2d 365 (2d Cir.1959), *cert. denied,* 361 U.S. 962, 80 S.Ct. 591, 4 L.Ed.2d 544 (1960).

The Secretary argues that plaintiff's proposed class is overbroad because it includes potential claimants who have not presented a claim to the Secretary or who have not sought timely judicial review. The court holds that the exhaustion requirement is satisfied here by the limitation of plaintiff's proposed class that each member must have requested a hearing within 10 days of the reconsideration decision. *See Liberty Alliance of the Blind, supra.*

Rule 23(a)(2) provides that there must be questions of law or fact common to the class. Plaintiff avers that the common issue of law is whether the Secretary's regulations and practice of terminating or reducing benefits to SSI recipients for non-medical reasons prior to a hearing before an Administrative Law Judge violates the class members' rights under the due process clause of the Fifth Amendment. The Secretary counters that because the exhaustion requirement has not been satisfied by all members of the proposed class there is no common issue of law or fact. The court, however, following *Liberty Alliance of the Blind, supra,* held that the exhaustion requirement was satisfied.

■ The court, however, finds that the plaintiff's proffered common issue of law is not common for other reasons and that plaintiff's claims differ from those of other class members. *See* Fed.R.Civ.P. 23(a)(3). Due process analysis requires the court to weigh a variety of considerations. One such consideration, which can in fact be controlling, is the hardship on the recipient erroneously terminated prior to a hearing. *See Mathews v. Eldridge,* 424 U.S. 319, 342, 96 S.Ct. 893, 906, 47 L.Ed.2d 18 (1976); *Goldberg v. Kelly,* 397 U.S. 254, at 265–266, 90 S.Ct. 1011, 1018–1019, 25 L.Ed.2d 287 (1970). Here, the hardship resulting from the prehearing termination may vary considerably among the members of the plaintiff's proposed class. Some members of the proposed class may still meet the eligibility requirements of other federal, state, and local governmental programs such as a state's general assistance program, Medicaid, food stamps, and veterans benefits. In addition, some members may meet the eligibility requirements for continued SSI benefits of special SSI status under 42 U.S.C. § 1382(h). Other members may meet none of the eligibility requirements of these other programs. Still other members may be eligible for some but not all of the other programs. Since plaintiff may be eligible for some of these programs but not all of them, plaintiff's situation may be less fortunate than that of some members of the proposed class and more fortunate than that of others. If the proposed class were certified, the plaintiff represented the members of the class, and the court, reaching the merits, determined whether the Secretary's procedures violated the due process clause, at best, some members of the class may get more process than that which is due them, and, at worst, some may get less than that which is due them. Simply put, plaintiff's situation differs from that of other members of the proposed class, and plaintiff is not a proper representative.

## CONCLUSION

Accordingly, the Secretary's motion to dismiss will be denied, and plaintiff's motion to certify a class will be denied.

An appropriate Order will be entered.